UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

GRADIENT ENTERPRISES, INC.,

                                    Plaintiff,

                                                                    <u>DECISION AND ORDER</u>

                                                                    10-CV-6712L

                                    v.

SKYPE TECHNOLOGIES S.A.,
SKYPE, INC.,

                                    Defendants.
_____

**INTRODUCTION**

On December 21, 2010, plaintiff Gradient Enterprises, Inc. ("Gradient") filed this patent infringement action against Skype, Inc. and Skype Technologies S.A. ("Skype, S.A."). Defendants (who are both represented by the same counsel) have separately moved to dismiss the complaint for failure to state a claim upon which relief can be granted, under Rule 12(b)(6) of the Federal Rules of Civil Procedure.[1] For the reasons that follow, defendants' motions to dismiss are granted, and the complaint is dismissed, without prejudice to plaintiff's filing of an amended complaint.

---

[1] Skype, S.A. also moved to dismiss the complaint for insufficient service of process, under Rule 12(b)(5). Plaintiff, however, has since re-served Skype, S.A., and defense counsel has conceded in a letter to the Court that its motion to dismiss for insufficient service of process is moot. *See* Dkt. #33. In any event, "district courts have discretion to grant extensions even in the absence of good cause," *Zapata v. City of New York*, 502 F.3d 192, 196 (2d Cir. 2007), *cert. denied*, 552 U.S. 1243 (2008), including extensions *nunc pro tunc*, *see, e.g.*, *Harper v. New York City Administrator for Children's Services*, No. 09 CIV. 2468, 2010 WL 23328, at *2 (S.D.N.Y. Jan. 5, 2010), and the Court does so here.

## BACKGROUND

The complaint alleges that Gradient is a New York corporation that owns United States Patent No. 7,669,207 ("the '207 patent"). It further alleges that Skype, Inc. is a Delaware corporation with its principal place of business in California. Skype, S.A. is a foreign corporation based in Luxembourg.

The '207 patent was issued in 2010, for a "Method for Detecting, Reporting and Responding to Network Node-Level Events and a System Thereof." Complaint Ex. I. Gradient alleges, on information and belief, that "the defendants manufacture, make, use, sell and/or offer to sell methods and/or systems that infringe at least one or more of the claims of the '207 patent." Complaint ¶ 12. "More particularly," the complaint goes on, "the defendants infringe the '207 patent through their peer-to-peer methods and systems for Voice over Internet Protocol ('VoIP') communications." Complaint ¶ 14. Gradient alleges both that defendants directly infringe the '207 patent, and that they induce or contribute to others' infringement. Complaint ¶¶ 12, 13.

Based on those allegations, Gradient pleads three causes of action. The first asserts a claim for damages, alleging that "defendants have infringed, and continue to infringe, one or more of the claims of the '207 patent by making, using, selling and/or offering for sale systems and methods for detecting, reporting and/or responding to network node-level events," in violation of 35 U.S.C. § 271. The second cause of action seeks injunctive relied, based on the allegation that "defendants have made, used, sold and/or offered to sell systems and methods which infringe the '207 patent and continue to do so in violation of Gradient's rights ... ." The third cause of action seeks a declaratory judgment.

**DISCUSSION**

On a motion to dismiss under Rule 12(b)(6), the court's task is to determine whether, "accept[ing] the allegations contained in the complaint as true, and draw[ing] all reasonable inferences in favor of the non-movant," the plaintiff has stated a facially valid claim. *Sheppard v. Beerman*, 18 F.3d 147, 150 (2d Cir. 1994). In making that determination, the court must keep in mind that "a plaintiff's obligation ... requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Thus, where a plaintiff "ha[s] not nudged [his] claims across the line from conceivable to plausible, [his] complaint must be dismissed." *Id.* at 570.

Although the *Twombly* standard applies to "all civil actions," *Ashcroft v. Iqbal*, 556 U.S. 662, ___, 129 S.Ct. 1937, 1953 (2009), its applicability to patent cases, particularly those involving claims of direct infringement, is an issue that has divided the courts. The primary reason for that lies with Form 18, which is part of the Appendix of the Federal Rules of Civil Procedure. Titled, "Complaint for Patent Infringement," Form 18 provides a template for asserting a claim of direct patent infringement. That form requires only: (1) an allegation of jurisdiction; (2) a statement that the plaintiff owns the patent; (3) a statement that the defendant has been infringing the patent by making, selling, and using the device embodying the patent; (4) a statement that the plaintiff has given the defendant notice of its infringement; and (5) a demand for an injunction and damages. In addition, Rule 84 provides that "[t]he forms in the Appendix suffice under these rules and illustrate the simplicity and brevity that these rules contemplate," and that "the practitioner using them may rely on them to that extent." The Supreme Court had no occasion to, and did not, address Form 18 or Rule 84 in *Twombly* or *Iqbal*.

The Federal Circuit upheld the validity of a complaint modeled on Form 18 (which was then denominated Form 16) in *McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354 (Fed. Cir. 2007). The court

in *McZeal* held that "a patentee need only plead facts sufficient to place the alleged infringer on notice as to what he must defend," and that "a plaintiff in a patent infringement suit is not required to specifically include each element of the claims of the asserted patent." *Id.* at 1357. *McZeal* was decided after *Twombly*–which was expressly limited to antitrust actions–but before *Iqbal*, which made clear that the *Twombly* pleading standard applies to all federal civil actions. The court in *McZeal* noted, however, that the plaintiff in that case had appeared *pro se*, and stated that "the pleadings of *pro se* litigants should be held to a lesser standard than those drafted by lawyers when determining whether the complaint should be dismissed for failure to state a claim ... ." It is not clear, then, whether the Federal Circuit would, post-*Iqbal*, hold that a complaint for patent infringement that tracks Form 18 is necessarily sufficient to withstand a motion to dismiss.

Not surprisingly, then, the combination of *Twombly*, *Iqbal*, *McZeal*, Form 18, and Rule 84, has led to differing conclusions among the lower courts about whether a complaint that complies with the minimum requirements of Form 18 suffices to state a claim for direct patent infringement. A number of courts have held that absent a clear repudiation of Form 18 by the Supreme Court, the Federal Circuit, or the applicable regional circuit, *see Juniper Networks, Inc. v. Shipley*, 643 F.3d 1346, 1350 (Fed. Cir. 2011) ("This court reviews dismissal for failure to state a claim upon which relief can be granted under the law of the regional circuit") (citing *McZeal*, 501 F.3d at 1355-56), a complaint that conforms to Form 18 suffices to state a claim for direct patent infringement. *See, e.g.*, *Discflo Corp. v. American Process Equipment, Inc.*, No. 11cv00476, 2011 WL 6888542, at *1, *2 (S.D.Cal. Dec. 29, 2011); *Wright Mfg. Inc. v. Toro Co.*, No. MJG–11–1373, 2011 WL 6211172, at *1 (D.Md. Dec. 13, 2011); *W.L. Gore & Assocs., Inc. v. Medtronic, Inc.*, 778 F.Supp.2d 667, 675 (E.D.Va. 2011)); *Comfort Inn Oceanside v. Hertz Corp.*, No. 11–CV–1534, 2011 WL 5238658, at *8 n.11 (E.D.N.Y. Nov. 1, 2011); *Automated Transactions, LLC v. First Niagara Fin. Group*, No. 10-CV-407, 2010 WL 5819060 (W.D.N.Y. Aug. 31, 2010), *Report and Recommendation adopted*, 2011 WL 601559 (W.D.N.Y. Feb. 11, 2011).

Other courts, however, have held that because the *Twombly*/*Iqbal* pleading standard applies to all civil cases, a patent infringement complaint must do more than simply assert the bare elements of a claim, and that a Form 18-style complaint will not suffice, in the aftermath of *Twombly* and *Iqbal*. *See, e.g., Bovi Corp. v. Hulu, LLC*, No. 11-665, 2012 WL 261982, at *2 (D.Del. Jan. 27, 2012); *Illinois Tool Works Inc. v. Elektromanufaktur Zangenstein Hanauer GmbH & Co. KgaA*, No. 11-CV-262, 2011 WL 6002967, at *2-*3 (E.D.Wisc. Nov. 30, 2011); *Medsquire LLC v. Spring Medical Systems Inc.*, No. 2:11-cv-4504, 2011 WL 4101093, at *2 (S.D.N.Y. Aug. 31, 2011).

Under either standard, however, the complaint in this case is deficient. The complaint does allege this Court's jurisdiction, *see* Complaint ¶ 2, that Gradient owns the '207 patent, *see* Complaint ¶ 11, and that "defendants manufacture, make, use, sell and/or offer to sell methods and/or systems that infringe at least one or more of the claims of the '207 patent. *See* Complaint ¶ 12. Plaintiffs allege that defendants do so "through their peer-to-peer methods and systems for Voice over Internet Protocol ('VoIP') communications." Complaint ¶ 14. Plaintiffs also seek an injunction and damages.

The complaint does not, however, allege that Gradient has given defendants notice of the alleged infringement. It simply alleges that defendants have infringed the '207 patent. That does not meet the requirements of Form 18, much less of *Twombly* and *Iqbal*.

In addition, even those courts that have upheld the sufficiency of complaints tracking Form 18, post-*Twombly*/*Iqbal*, have pointed out that neither Form 18 nor the Federal Circuit's decision in *McZeal* deals with claims for *in*direct (*i.e.*, contributory or induced) infringement. Such claims "contain additional elements left entirely unaddressed by Form 18," and therefore compliance with Form 18 does not necessarily suffice to state a claim for indirect infringement. *BIAX Corp. v. Motorola Solutions, Inc.*, No. 10–cv–03013, 2012 WL 502727, at *2 (D.Colo. Feb. 15, 2012). *See, e.g., DR Systems*, 2011 WL 4850171, at *1 ("because Form 18 does not address induced infringement or contributory infringement, the heightened pleading standard of *Twombly* and *Iqbal*" applies to allegations of induced or contributory infringement); *Nielsen Co. (US), LLC v. comScore,*

*Inc.*, ___ F.Supp.2d ___, 2011 WL 4937158, at *11 (E.D.Va. Aug. 19, 2011) ("plaintiff's claims of indirect infringement must be evaluated under the standard set forth in *Twombly* and *Iqbal*, without reference to the language of Form 18, which only relates to claims of direct infringement").

In the case at bar, the complaint alleges both direct infringement, *see* Complaint ¶ 12, 14, and that defendants make or sell "methods or systems that induce or contribute to the infringement" of the '207 patent. Complaint ¶ 13. Such claims require more than the bare minimum embodied by Form 18. *See BIAX*, 2012 WL 502727, at *3; *Discflo*, 2011 WL 6888542, at *1. To state a claim for induced infringement, the patentee must plead facts showing, first, that "there has been direct infringement, and second that the alleged infringer knowingly induced infringement and possessed specific intent to encourage another's infringement." *EON Corp. IP Holdings LLC v. FLO TV Inc.*, 802 F.Supp.2d 527, 533 (D.Del. 2011) (citations omitted). A plaintiff asserting a claim under a theory of contributory infringement under § 271(c) must allege facts plausibly showing that: (1) there is direct infringement; (2) the alleged infringer had knowledge of the patent; (3) the component, material, or apparatus has no substantial noninfringing uses; and (4) the component, material, or apparatus is a material part of the invention. *Fujitsu Ltd. v. Netgear Inc.*, 620 F.3d 1321, 1326 (Fed.Cir. 2010) (citing 35 U.S.C. § 271(c)); *Palmetto Pharmaceuticals LLC v. AstraZeneca Pharmaceuticals LP*, No. 2:11-cv-807, 2012 WL 484907, at *6 (D.S.C. Jan. 4, 2012), *Report and Recommendation adopted*, 2012 WL 484848 (D.S.C. Feb. 14, 2012).

The complaint in this case contains no such allegations. Instead, it "merely provides '[t]hreadbare recitals of the elements of a cause of action,'" which are inadequate. *Wright Mfg.*, 2011 WL 6211172, at *3 (citing *Iqbal*, 129 S.Ct. at 1949). *Cf. Automated Transactions*, 2010 WL 5819060, at *6 (plaintiff's "allegations that [defendant] 'provides [its] customers ... with detailed explanations, instructions and information as to arrangements, applications and uses of [plaintiff's products] that promote and demonstrate how to use these [products] in an infringing manner' certainly supports a reasonable inference that it induced the customers to use the allegedly infringing devices").

Gradient also contends that it has adequately pleaded a claim of willful infringement. I disagree.

Although "there is a lack of complete uniformity in recent district court authority addressing wilful infringement claims in light of *Twombly* and *Iqbal*," *Sony Corp. v. LG Electronics U.S.A., Inc.*, 768 F.Supp.2d 1058, 1064 (C.D.Cal. 2011), courts have generally required a complaint to allege facts that, at a minimum, show direct infringement, *i.e.*, that identify the patent in suit, and show the defendant's actual knowledge of the existence of the patent. *Id.* (finding that complaint that "identifie[d] the specific accused products, and allege[d] that defendants had actual notice of the patents in suits, ... allege[d] sufficient facts to state a plausible claim for wilful infringement"). *See, e.g., Investpic, LLC v. FactSet Research Systems, Inc.*, No. 10-1028, 2011 WL 4591078, at *2 (D.Del. Sept. 30, 2011) (plaintiff's allegation "that the defendants knew of the '291 patent, because the '291 patent 'is well-known in the industry–having been cited by at least 79 issued U.S. patents since 2001,'" was sufficient to support claim of willful infringement); *Oracle Corp. v. Druglogic, Inc.*, 807 F.Supp.2d 885, 902 (N.D.Cal. 2011) (plaintiff "state[d] sufficient facts to support a claim for willful infringement of the '091 patent ... [b]y alleging that Oracle was aware of the '091 patent and had 'actual notice' of DrugLogic's infringement claims"). Since the complaint in this case fails to allege defendants' knowledge of the '207 patent, it does not state a claim of willful infringement.

In its response to defendants' motion to dismiss, plaintiffs request that, in the event the Court finds the complaint inadequate, Gradient be given leave to replead. The Court grants that request.

"[D]ismissals for insufficient pleadings are ordinarily with leave to replead." *Comfort Inn Oceanside v. Hertz Corp.*, No. 11–CV–1534, 2011 WL 5238658, at *9 (E.D.N.Y. Nov. 1, 2011) (quoting *Stern v. Gen. Elec. Co.*, 924 F.2d 472, 477 (2d Cir. 1991)). Since defendants have not shown that amendment would be futile, or that they would be unfairly prejudiced by allowing amendment, the dismissal of the complaint is without prejudice to plaintiff's filing of an amended complaint that complies with the pleading standards set forth in this Decision and Order.

**CONCLUSION**

Defendants' motions to dismiss the complaint (Dkt. #8, #14) are granted, and the complaint is dismissed without prejudice. Plaintiff is granted leave to file an amended complaint that complies with federal pleading rules and standards, as set forth in the body of this Decision and Order. Plaintiff's amended complaint must be filed no later than thirty (30) days after the date of entry of this Decision and Order.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
March 13, 2012.