**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

GRADIENT ENTERPRISES, INC.,

        Plaintiff(s),                             ORDER
      v.                                            10-CV-6712L

SKYPE TECHNOLGOIES S.A., et al.,

        Defendant(s).

---

Pursuant to the order of the Hon. David G. Larimer referring the above case to the undersigned for pretrial procedures and the entry of a scheduling order as provided in Fed. R. Civ. P. Rule 16(b) and Local Rule 16.1(a), the parties are hereby directed to fully comply with Federal Rule of Civil Procedure 26.

All parties are reminded that effective December 1, 2000, Rule 26 of the Federal Rules of Civil Procedure was amended. These amendments significantly alter prior discovery practice in the Western District of New York by requiring mandatory pretrial disclosures. The new rules also directly affect the scope and conduct of all discovery in this case.[1] **All parties are expected to be familiar with and fully comply with the requirements of amended Rule 26 of the Federal Rules of Civil Procedure**.

Based on the foregoing, it is hereby

---

[1] Although most of the new rules were enacted in 1993, the 1993 amendments permitted individual judicial districts to "opt out" of many provisions by local rule. The Western District of New York <u>was</u> an "opt out" district. However, the new amendments eliminated the "opt out" alternative and thereby nullified Local Rule 26. Hence, all the requirements of amended Rule 26 now apply to any civil action commenced after December 1, 2000. By Order dated May 1, 2001, Chief Judge Larimer rescinded Local Rule 26 in order to conform local practice to the amended Rules of Civil Procedure.

**ORDERED** that each party, including any party appearing without counsel, shall appear before the undersigned on **June 5, 2012** at **11:00 a.m.,** 2330 United States Courthouse, 100 State Street, Rochester, New York for the purpose of entry of a case management order as required by Rule 16(b) of the Federal Rules of Civil Procedure; and it is further

**ORDERED** that pursuant to Rule 26(f) of the Federal Rules of Civil Procedure, the parties shall confer at least 14 days prior to the Rule 16(b) hearing as scheduled above for the purpose of preparing the required "Proposed Discovery Plan" (PDP). The PDP shall be in writing and shall specifically address relevant issues concerning the management of all pretrial discovery practice in this case, **including:**

1. In his referral order, Judge Larimer has specifically encouraged the parties to consider the provisions of 28 U.S.C. §636(c) governing consent to complete disposition of the case (including trial, if necessary) by this Court. **The parties shall state in the PDP whether or not unanimous consent to Magistrate Judge jurisdiction has been agreed upon.**

2. Deadline for compliance with the mandatory disclosure requirements found in Rule 26(a)(1) of the Federal Rules of Civil Procedure. Any objections to the required disclosures must also be stated in the PDP.

3. Deadline for the filing of motions to amend the pleadings or add parties.

4. Deadline for completion of fact discovery.

5. If expert discovery is contemplated by any party, a deadline for the completion of all expert discovery, including full compliance with Rule 26(a)(2) regarding the identification and filing reports of testifying experts.

6. Deadline for the filing of motions to compel discovery.

7. Any Orders that should be entered under Rule 26(c) (protective/confidentiality orders).

8. Any changes in the limitations on discovery as provided in Rule 30(d)(2)(oral depositions) and Rule 33(a)(interrogatory practice).

9. Deadline for the filing of dispositive motions.

10. The advisability and timing of a judicially supervised settlement conference or other alternative dispute resolution, including mediation.

11. The parties shall advise whether a jury trial is required and the estimated length of the trial.

After meeting, the parties shall prepare a written PDP as required by Rule 26(f) and **electronically file the PDP report with the Clerk's Office no later than 4 business days prior to the Rule 16(b) conference as herein scheduled**. At the conclusion of the Rule 16(b) conference and after conferring with the parties, this Court will issue a Case Management Order governing all further pretrial proceedings in this action. Out-of-town attorneys may submit a letter requesting to participate in the Rule 16 conference by telephone.

**ALL OF THE ABOVE IS SO ORDERED.**

　　　　　　　　　　　　　　　　　　/s/ Jonathan W. Feldman
　　　　　　　　　　　　　　　　　Hon. Jonathan W. Feldman
　　　　　　　　　　　　　　　　　United States Magistrate Judge

Dated: May 2, 2012
Rochester, New York

Summary of Rules of Civil Procedure Amendments
Effective December 1, 2000

(1) Changes, effective December 1, 2000, apply to all pending cases and newly filed cases.

(2) Rule 26(a)(1)(A)-(D) mandates voluntary disclosure of specific categories of information in all cases except those exempted under Rule 26(a)(1)(E), *e.g.,* social security appeals and prisoner civil rights cases, at or within 14 days after the conference between the parties required by Rule 26(f) to develop a written Discovery Plan, unless stipulated or ordered otherwise, or unless a party objects in the Discovery Plan.

(3) No discovery permitted before parties have conferred to propose a written Discovery Plan unless permitted by court order or by agreement of the parties. Rule 26(d).

(4) Discovery at the request of a party is limited to a claim or defense. Discovery related to a matter relevant to subject matter of the action available only upon court order for good cause. Rule 26(b)(1).

(5) Depositions are limited to one day of seven hours. Multiple parties on each side must coordinate depositions unless court authorizes additional deposition time. Rule 30(d)(2).

(6) Interference with the conduct of a deposition by instructing a witness not to answer a question is sanctionable misconduct unless the instruction is to preserve a privilege or enforce a limitation under Rule 30(d)(4). Rule 30(d)(1) and (3). Objections must be stated concisely and in a non-argumentative and non-suggestive manner. Rule 30(d)(1).

# UNITED STATES DISTRICT COURT
## Western District of New York

| | |
|---|---|
| GRADIENT ENTERPRISES, INC., | |
| Plaintiff | NOTICE, CONSENT, AND ORDER OF REFERENCE - EXERCISE OF JURISDICTION BY A UNITED STATES MAGISTRATE JUDGE |
| v. | |
| | 10-CV-6712L |
| SKYPE TECHNOLOGIES S.A., | |
| Defendant | |

### NOTICE OF AVAILABILITY OF A UNITED STATES MAGISTRATE JUDGE TO EXERCISE JURISDICTION

In accordance with the provisions of 28 U.S.C. §636(c), and Fed.R.Civ.P. 73, you are notified that a United States magistrate judge of this district court is available to conduct any or all proceedings in this case including a jury or nonjury trial, and to order the entry of a final judgement. Exercise of this jurisdiction by a magistrate judge is, however, permitted only if all parties voluntarily consent.

You may, without adverse substantive consequences, withhold your consent, but this will prevent the court's jurisdiction from being exercised by a magistrate judge. If any party withholds consent, the identity of the parties consenting or withholding consent will not be communicated to any magistrate judge or to the district judge to whom the case has been assigned.

An appeal from a judgment entered by a magistrate judge shall be taken directly to the United States court of appeals for this judicial circuit in the same manner as an appeal from any other judgment of a district court.

### CONSENT TO THE EXERCISE OF JURISDICTION BY A UNITED STATES MAGISTRATE JUDGE

In accordance with the provisions of 28 U.S.C. §636(c) and Fed.R.Civ.P. 73, the parties in this case consent to have a United States magistrate judge conduct any and all proceedings in the case, including the trial, order the entry of a final judgment, and conduct all post-judgment proceedings.

| Party Represented | Signatures | Date |
|---|---|---|
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |

### ORDER OF REFERENCE

IT IS ORDERED that this case be referred to Jonathan W. Feldman, United States Magistrate Judge, to conduct all proceedings and order the entry of Judgment in accordance with 28 U.S.C. §636(c) and Fed.R.Civ.P. 73.

_____          _____
              Date                                                United States District Judge

NOTE: RETURN THIS FORM TO THE CLERK OF THE COURT <u>ONLY IF</u> ALL PARTIES HAVE CONSENTED <u>ON THIS FORM</u> TO THE EXERCISE OF JURISDICTION BY A UNITED STATES MAGISTRATE JUDGE.