**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

GRADIENT ENTERPRISES, INC.,

                    Plaintiff,

          vs.                                          **Civ. Action No.: 10-CV-6712 (DGL)**

SKYPE TECHNOLOGIES S.A. and SKYPE, INC.,

                    Defendants.

<u>**MEMORANDUM OF LAW IN SUPPORT OF**
**PLAINTIFF'S RULE 12(b)(6) MOTION TO DISMISS**</u>

Dated: May 17, 2012                    WOODS OVIATT GILMAN LLP
                                       Donald W. O'Brien, Jr., Esq.
                                       700 Crossroads Building
                                       2 State Street
                                       Rochester, NY 14614
                                       Telephone:   585.987.2800
                                       Facsimile:   585.454.3968
                                       dobrien@woodsoviatt.com

{1535230: }

# TABLE OF CONTENTS

*Page*

TABLE OF AUTHORITIES ............................................................................................ ii
PRELIMINARY STATEMENT .....................................................................................1
FACTUAL BACKGROUND...........................................................................................1
ARGUMENT
I.  Legal Standard For A Motion To Dismiss Under Fed.R.Civ.P. 12(b)(6) ......................1
II.  The Counterclaim Fails To State A Claim Upon Which Relief Can Be Granted..........3
CONCLUSION................................................................................................................5

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Armstrong Pump, Inc. v. Hartman*, No. 10-CV-446S(Sc), 2012 U.S. Dist. LEXIS 41252
    (W.D.N.Y. Mar. 26, 2012).................................................................................................. 3, 5

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009)................................................................................... 3, 4

*Aspex Eyewear, Inc. v. Clariti Eyewear, Inc.*, 531 F.Supp. 2d 620 (S.D.N.Y. 2008) ............ 3, 4, 5

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)........................................................... 2, 3, 4

*Wireless Ink Corp. v. Facebook, Inc.*, 787 F.Supp. 2d 298 (S.D.N.Y. 2011).......................... 3, 5

**Statutes and Rules**

Fed. R. Civ. P. Rule 8(a)(2) ..................................................................................................... 2

Fed. R. Civ. P. Rule 12(b)(6) .................................................................................................. 2, 3

## PRELIMINARY STATEMENT

This memorandum of law is submitted on behalf of the plaintiff, Gradient Enterprises, Inc., ("Gradient" or "Plaintiff") in support of its motion to dismiss the counterclaim of defendants Skype Technologies S.A. and Skype, Inc. (collectively the "Defendants") pursuant to Federal Rule of Civil Procedure 12(b)(6).

## FACTUAL BACKGROUND

This action was brought by Gradient against Defendants alleging infringement of United States Patent No. 7,669,207 ("the '207 patent"), in violation of the United States Patent Laws 35 U.S.C. § 1 *et seq*. Gradient filed its First Amended Complaint on April 11, 2012 (doc. no. 38, attached to the O'Brien Decl.[1] as Exhibit A). Defendants filed their Answer to the First Amended Complaint on April 27, 2012, and asserted a counterclaim (doc. no. 41, attached to the O'Brien Decl. as Exhibit B). Defendants' counterclaim asks this Court, among other things, to find that Defendants have not infringed the '207 patent and that the '207 patent be declared invalid and unenforceable against Defendants (doc. no. 41 ¶¶ E and F). Defendants alleged no facts to support their counterclaim.

## ARGUMENT

### I.      Legal Standard For A Motion To Dismiss Under Fed.R.Civ.P. 12(b)(6)

Fed. R. Civ. P. Rule 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks and citation omitted). A motion to dismiss under

---

1 "O'Brien Decl." refers to the Declaration of Donald W. O'Brien, Jr., Esq. in support of Plaintiff's Motion to Dismiss dated May 17, 2012.

{1535230: }

Fed.R.Civ.P. 12(b)(6) should be granted where the pleading fails to state a claim upon which relief can be granted. To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id.* At 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Legal conclusions and "[t]hreadbare recitals of the elements of a cause of action do not suffice to state a claim[.]" *Id. at 1949-50.* "The standard on a motion to dismiss also applies to a motion to dismiss a counterclaim pursuant to Rule 12(b)(6)[.]" *Wireless Ink Corp. v. Facebook, Inc.*, 787 F.Supp. 2d 298, 306 (S.D.N.Y. 2011) quoting *Aspex Eyewear, Inc. v. Clariti Eyewear, Inc.*, 531 F.Supp. 2d 620, 622 (S.D.N.Y. 2008).

Conclusory allegations of patent invalidity and unenforceability do not comply with *Rule 8(a)* and will be dismissed. *See Armstrong Pump, Inc. v. Hartman*, No. 10-CV-446S(Sc), 2012 U.S. Dist. LEXIS 41252, *6-7 (W.D.N.Y. Mar. 26, 2012); *Wireless Ink Corp.*, 787 F.Supp. 2d at 313; *Aspex Eyewear, Inc.*, 531 F.Supp. 2d at 622-23. Merely alleging that a patent is invalid or unenforceable because it fails to comply with one or more provisions of the United States patent laws is conclusory and insufficient to satisfy the pleading standard. *See Id.* Likewise, merely stating that a patent in unenforceable based on equitable grounds like estoppel will not suffice without alleging facts to support such a claim. *See Aspex Eyewear, Inc.*, 531 F.Supp. 2d at 622-23.

This Court recently pointed out that the application of the *Twombly/Iqbal* standard to patent infringement cases has divided the courts because Form 18 of the Appendix of the Federal Rules of Civil Procedure, which imposes an arguably more lenient pleading standard, may apply instead (doc. no. 37, pp. 3-5). However, Form 18, which provides a template for asserting a

claim of *direct patent infringement*, should not apply to Defendants' counterclaim for *patent invalidity and unenforceability*. Defendants would appear to agree that the *Twombly/Iqbal* standard should apply to their counterclaim as they have previously stated that the *Twombly/Iqbal* standard applies in patent infringement cases (see Skype Technologies S.A.'s Memorandum in Support of its Motion to Dismiss the Complaint, doc. no. 15, p.4). Unlike a claim for direct patent infringement, a claim (or counterclaim) of patent invalidity or unenforceability has no corresponding form pleading in the Appendix of the Federal Rules of Civil Procedure and, therefore, is subject to the heightened *Twombly/Iqbal* pleading standard.

But the Court need not resolve any conflict between *Twombly/Iqbal* and the Appendix Forms on the current motion because Defendants' counterclaim fails to satisfy either standard. Under either standard Defendants were required to allege *some facts* in support of their counterclaim. They have alleged none and their counterclaim should be dismissed.

## II.    The Counterclaim Fails To State A Claim Upon Which Relief Can Be Granted

Defendants purport to establish their counterclaim in three hollow sentences:

> 10. [Defendants] have not infringed and are not infringing any valid claim of the '207 Patent directly, contributorily, by way of inducement, literally or under the doctrine of equivalents.
>
> 11. The claims of the '207 Patent are invalid for failure to comply with one or more of the conditions for patentability set forth in Part II of Title 35 of the United States Code, including without limitation, Sections 102, 103, and/or 112.
>
> 12. The claims of the '207 Patent that are allegedly infringed by Skype are unenforceable against Skype because of laches and/or estoppel.

(doc. no. 41, pp. 10-11). These are "[b]ald contentions, unsupported characterizations, and legal conclusions [and] are not well-pleaded allegations" capable of defeating a motion to dismiss.

*Aspex Eyewear, Inc.*, 531 F.Supp. 2d at 622 (citations omitted).  The counterclaim is devoid of any facts and therefore does not give fair notice to Gradient of the basis for the counterclaim.

The allegation contained in paragraph 10 of Defendants' counterclaim (non-infringement) is nothing more than a denial of the allegations of Plaintiff's complaint.  Paragraph 10 could simply be replaced with the word "Denied."  At most this is a defense to Plaintiff's complaint, not an affirmative claim for relief.

The allegation contained in paragraph 11 of Defendants' counterclaim (patent invalidity) is conclusory and courts have dismissed counterclaims with near identical language.  *See Hartman*, 2012 U.S. Dist LEXIS 41252 at *5 ("[a]ll claims of the ['926, '007, and '946] patent[s] are invalid for failing to meet one or more conditions for patentability set forth in 35 U.S.C. §§ 101, 102, 103, and/or 112."); *Wireless Ink Corp.*, 787 F.Supp. 2d at 313 ("[t]he claims of the '983 patent are invalid and/or unenforceable for failure to meet the conditions of patentability set forth in the Patent Laws of the United States, including but not limited to 35 U.S.C. §§ 101, 102, 103, 112, *et seq.*")  It is devoid of facts and fails to show why Defendants are entitled to a declaration of invalidity.  This allegation fails no matter which standard applies. See *Hartman*, 2012 U.S. Dist LEXIS 41252 at *7 (neither standard "suggest[s] a declaration that a statute has been violated, standing alone, is sufficient to survive a motion to dismiss").

The allegation contained in paragraph 12 of Defendants' counterclaim (patent unenforceability) is likewise conclusory.  *In Aspex Eyewear, Inc.*, the District Court dismissed the defendant's affirmative defenses of collateral estoppel and/or res judicata, equitable estoppel, and patent misuse and/or unclean hands because the defendant did not allege even general facts to support them.  Here, Defendants have alleged no facts to support the allegation of patent

unenforceability. And like the affirmative defenses in *Aspex Eyewear, Inc.*, the Defendants' counterclaim should be dismissed.

## CONCLUSION

For the reasons detailed above, Defendants' counterclaim should be dismissed in its entirety for failure to state a claim upon which relief can be granted.

Dated: May 17, 2012

Respectfully submitted,

WOODS OVIATT GILMAN LLP

By: _____

Donald W. O'Brien, Jr., Esq.
700 Crossroads Building
2 State Street
Rochester, NY 14614
Telephone:    585.987.2800
Facsimile:      585.454.3968
dobrien@woodsoviatt.com