UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

GRADIENT ENTERPRISES, INC.,

                      Plaintiff,

                                                                 <u>DECISION AND ORDER</u>

                                                                      10-CV-6712L

          v.

SKYPE TECHNOLOGIES S.A., et al.,

                      Defendants.
_____

## INTRODUCTION

Plaintiff, Gradient Enterprises, Inc. ("Gradient"), a New York corporation, commenced this patent infringement action against defendant Skype Technologies S.A. ("Skype S.A.") and Skype, Inc., which are, respectively, a foreign corporation based in Luxembourg and a Delaware corporation with a principal place of business in California.

Gradient owns U.S. Patent No. 7,669,207 ("the patent" or "'207 patent"), which was issued in 2010 for a "Method for Detecting, Reporting and Responding to Network Node–Level Events and a System Thereof." The claimed invention relates generally to technology concerning computer networks.

In the original complaint, Gradient pleaded three causes of action, for damages, injunctive relief, and declaratory relief, based on allegations of direct, induced and contributory infringement. In March 2012, the Court issued a decision and order, 848 F.Supp.2d 404, familiarity with which is assumed, granting defendants' motion to dismiss, on the ground that the complaint did not contain detailed enough allegations to state a facially valid claim. The Court dismissed the complaint

without prejudice, and granted plaintiff leave to file an amended complaint that complies with federal pleading rules and standards. *Id.* at 410.

Plaintiff filed an amended complaint in April 2012 (Dkt. #38). The amended complaint asserts five causes of action, for: (1) direct infringement; (2) induced infringement; (3) contributory infringement; (4) injunctive relief; and (5) declaratory relief. The first three causes of action all seek money damages.

Defendants answered the complaint in April 2012 (Dkt. #41), asserting three counterclaims, seeking a judgment of (1) noninfringement; (2) invalidity of the patent; and (3) unenforceability on the grounds of laches and/or estoppel. Dkt. #41 ¶¶ 10-12. Gradient then moved to dismiss the counterclaims under Rule 12(b)(6). Dkt. #44.

Since the motion was filed, defendants have amended their answer, with leave of court, and have withdrawn the third counterclaim. Dkt. #55. What is now pending before the Court, then, is plaintiff's motion to dismiss the two remaining counterclaims, for noninfringement and invalidity.[1] For the following reasons, the motion is granted in part and denied in part.

**DISCUSSION**

To fully understand the issues presented by the motion to dismiss the counterclaims, some additional background is needed. In opposition to defendants' motion to dismiss the original complaint, plaintiff relied on Form 18, which is part of the Appendix of the Federal Rules of Civil Procedure, titled, "Complaint for Patent Infringement." Form 18 requires only: (1) an allegation of jurisdiction; (2) a statement that the plaintiff owns the patent; (3) a statement that the defendant has been infringing the patent by making, selling, and using the device embodying the patent; (4) a statement that the plaintiff has given the defendant notice of its infringement; and (5) a demand for

---

[1]The amended answer (Dkt. #55) formally sets forth only one counterclaim, but it seeks a declaration of both invalidity and noninfringement. *See id.* at 10.

an injunction and damages. *See Superior Industries, LLC v. Thor Global Enterprises Ltd.*, 700 F.3d 1287, 1295 (Fed. Cir. 2012); *McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1357 (Fed. Cir. 2007).

As I noted in my prior decision in this case, there has been some split of authority about whether a complaint modeled on Form 18 is necessarily valid, in light of the Supreme Court's decisions in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). *Twombly* and *Iqbal*, together, have tightened the standard of pleading for most federal civil actions, to require that a plaintiff allege facts making a claim "plausible," as opposed to merely "conceivable." *Twombly*, 550 U.S. at 570.

In my decision on defendants' motion to dismiss, however, I concluded that under either Form 18 or the *Twombly*/*Iqbal* standard, the complaint here was deficient, because it did not allege that Gradient had given defendants notice of the alleged infringement. The Court also held that plaintiff's claims for indirect infringement–which were not governed by Form 18–lacked certain essential allegations. 848 F.Supp.2d at 408-09.

The amended complaint in this action (the sufficiency of which is not currently before me) contains considerably more detail than the original. What is now at issue, however, is the sufficiency of defendants' counterclaims. It is now plaintiff that relies on *Twombly* and *Iqbal*, and defendants who assert that their relatively sparse allegations are sufficient. The proverbial shoes is now on the other foot.

The noninfringement counterclaim simply alleges that defendants "have not infringed and are not infringing any valid claim of the '207 Patent directly, contributorily, by way of inducement, literally or under the doctrine of equivalents." Dkt. #55 ¶ 10. The invalidity counterclaim alleges that "[t]he claims of the '207 Patent are invalid for failure to comply with one or more of the conditions for patentability set forth in Part II of Title 35 of the United States Code, including without limitation, Sections 102, 103, and/or 112." *Id.* ¶ 11. The relief sought in the counterclaims is a judgment to that effect.

According to plaintiff, Form 18 does not apply to counterclaims, but only to claims of direct patent infringement. Counterclaims, plaintiff states, are governed by the pleading standards set forth in *Twombly* and *Iqbal*. Therefore, plaintiff's argument runs, allegations of patent invalidity or noninfringement are insufficient, absent enough factual detail to render those allegations "plausible."

In response, defendants note that the Federal Circuit has held that "to the extent ... that *Twombly* and its progeny conflict with the Forms and create differing pleadings requirements, the Forms control," because "any changes to the Federal Rules of Civil Procedure 'must be obtained by the process of amending the Federal Rules, and not by judicial interpretation.'" *In re Bill of Lading Transmission and Processing System Patent Litigation*, 681 F.3d 1323, 1334 (Fed. Cir. 2012) (quoting *Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 168 (1993)). "Thus, whether [a complaint] adequately plead[s] direct infringement is to be measured by the specificity required by Form 18." *Id.* *See also Superior Indus.*, 700 F.3d at 1295 ("In a complaint for patent infringement under § 271(a), Form 18 of the Federal Rules of Civil Procedure provides the pleading standard") (citing *In re Bill of Lading Transmission & Processing Sys. Patent Litig.*, 681 F.3d 1323, 1334 (Fed. Cir. 2012)).

Though defendants are not asserting direct infringement claims, they argue that it would be unfair to require them to meet a higher standard of pleading on their counterclaims than that applied to claims of direct infringement. In other words, they contend that even though Form 18 does not directly apply to counterclaims, the relatively lenient standard of pleading embodied by that form should govern their counterclaims as well.

Although the Court of Appeals for the Federal Circuit appears to have resolved one question that had divided the district courts–whether Form 18 trumps *Twombly* and *Iqbal* with respect to claims of direct patent infringement–the courts remain divided about the proper standard to apply to counterclaims in patent cases.[2] Some courts have held that "it would be 'incongruous to require

---

[2]As explained in this Court's prior decision on defendants' motion to dismiss, the Federal
(continued...)

heightened pleading' for invalidity counterclaims when the pleading standard for infringement does not require factual allegations to support the infringement claims." *Palmetto Pharmaceuticals LLC v. AstraZeneca Pharmaceuticals LP*, No. 2:11-cv-00807, 2012 WL 6025756, at *6 (D.S.C. Nov. 6, 2012) (quoting *Microsoft Corp. v. Phoenix Solutions, Inc.*, 741 F.Supp.2d 1156, 1159 (C.D.Cal. 2010)).

There is also authority, however, that "Form 18 applies to patent *infringement* claims. It is not an example complaint for a patent *invalidity* claim. And, therefore, there is no legal basis ... to ignore the clear mandates of the Supreme Court [in *Twombly* and *Iqbal*] even though the result is a disparate pleading burden between a patentee and an accused infringer." *Gemcor II, LLC v. Electroimpact Inc.*, No. 11-CV-2520, 2012 WL 628199, at *2 (D.Kan. Feb. 27, 2012) (emphases added); *see also Tyco Fire Prods. LP v. Victaulic Co.*, 777 F.Supp.2d 893, 904-05 (E.D.Pa. 2011) (dismissing invalidity counterclaim for failure to satisfy *Twombly*'s "plausibility" standard, though acknowledging that "this may place a burden on patent defendants, who will have to plead counterclaims in accordance with *Twombly* but will often be tasked with answering conclusory complaints of direct infringement").

A middle ground was taken by the court in *PageMelding, Inc. v. ESPN, Inc.*, No. C 11-06263, 2012 WL 3877686 (N.D.Cal. Sept. 6, 2012). There, the court held that "[d]efendant's direct non-infringement allegations are sufficient if they have at least as much detail as Form 18," but that its conclusory counterclaim of invalidity "f[ell] short of the 'fair notice' requirement of FRCP 8 as

---

[2](...continued)
Circuit upheld the validity of a complaint modeled on Form 18 in *McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354 (Fed. Cir. 2007). Although McZeal was decided after *Twombly* (which was expressly limited to antitrust actions), it was decided prior to *Iqbal*, which made clear that the *Twombly* pleading standard applies to all federal civil actions. Even after *McZeal* was decided, then, it remained unclear whether the Federal Circuit would hold, post-*Iqbal*, that a complaint for patent infringement that tracks Form 18 is necessarily sufficient to withstand a motion to dismiss.

In *Superior Industries*, however, which was decided after *Iqbal*, the Federal Circuit explicitly stated that "Form 18 ... provides the pleading standard" for patent claims alleging direct infringement. 700 F.3d at 1295. Form 18, then, continues to govern such claims, *Iqbal* notwithstanding.

interpreted by *Iqbal* and *Twombly*," and was therefore subject to dismissal. 2012 WL 3877686, at *2, *3.

As to the the noninfringement counterclaim, the court reasoned that "[p]laintiff wants it both ways. It wants the benefit of the skimpy Form 18 pleading for itself but when it comes to the mirror image pleading for declaratory relief by the accused infringer, it wants to impose an *Iqbal* and *Twombly* standard. This is most unfair." *Id.* at *2. However, because "Form 18 measures only the sufficiency of allegations of direct infringement," the court held that the Form 18 standards did not apply to the invalidity counterclaim. *Id.* at *3.

I agree with the *PageMelding* court's reasoning, which I apply here as well. True, the Federal Circuit has stated that "Form 18 should be strictly construed as measuring only the sufficiency of allegations of direct infringement, and not indirect infringement." *Bill of Lading*, 681 F.3d at 1336. But the court there had no occasion to address Form 18's applicability to counterclaims; the only distinction it drew was between claims of direct, and indirect, infringement.

Consistent with the Federal Circuit's holding that Form 18 continues to govern claims of direct infringement, I believe that the most sensible, and most equitable, approach is to hold that the pleading standards represented by Form 18 also apply to counterclaims seeking a declaration of noninfringement. It would make no sense to allow a plaintiff to assert a claim of infringement by pleading only what is required by Form 18, but then to require a defendant seeking a declaration of noninfringement to go beyond that and plead more detailed facts showing that it has not infringed the patent in suit.

I also conclude, however, that the stricter *Twombly* standard applies to noninfringement counterclaims, to the extent that they relate to *indirect* infringement. In other words, to the extent that defendants seek a declaration that they have not indirectly infringed the patent in suit, they must meet the "plausibility" standard of *Twombly* and *Iqbal*. *See PageMelding*, 2012 WL 3877686, at *2 ("The direct non-infringement portion of ESPN's counterclaim must be evaluated under Form 18,

whereas the indirect non-infringement portion is subjected to the heightened pleading standard of *Iqbal* and *Twombly*").

Again, this is a matter of both fairness and common sense. To state a claim of direct infringement, a complaint need allege no more than what is required by Form 18. Confronted with such a claim, a defendant seeking a declaration of noninfringement can hardly be expected to plead facts supporting such a judgment in much detail. The defendant can do little more, at the pleading stage, than deny the plaintiff's allegations.[3] A claim of indirect infringement, on the other hand, will presumably have met the relatively stringent standards of *Twombly* and *Iqbal*, and will allege specific facts showing how the defendant is alleged to have induced or contributed to another's infringement. In that situation, it is not unfair to expect the defendant to plead contrary facts demonstrating that its actions did not involve such indirect infringement.

Likewise, a counterclaim of invalidity must be measured against the *Twombly* standard. That is consonant with the clear directive from the Federal Circuit that Rule 18 only governs allegations concerning direct infringement. A counterclaim that "asserts no factual allegation on which th[e] Court or Plaintiff can pin the invalidity of any claim of the patent" is insufficient. *PPS Data, LLC v. Allscripts Healthcare Solutions, Inc.*, No. 3:11-cv-273, 2012 WL 243346, at *4 (M.D.Fla. Jan. 25, 2012). *See also Armstrong Pump, Inc. v. Hartman*, No. 10-CV-4465, 2012 WL 1029645, at *2 (W.D.N.Y. Mar. 26, 2012) (holding that counterclaims for patent invalidity were insufficient under either the Form 18 or *Twombly* standard, where the counterclaims "conclusorily allege[d] that every claim in each of three patents fail[ed] to meet one or multiple unspecified conditions for patentability," and were "devoid of any facts that would suggest which deficiency(ies) appl[ied] to

---

[3]I recognize that the amended complaint in the case at bar goes beyond what is required by Form 18, and pleads relatively detailed facts even with respect to its claim of direct infringement, *see* Dkt. #38 ¶¶ 43-46, but as stated, the Federal Circuit has made clear that such claims need only satisfy the standards of Form 18. I do not believe that the level of detail required of a counterclaim should depend upon how much factual detail has been alleged in the complaint. Thus, Form 18 controls as to the counterclaim of direct noninfringement, regardless of whether plaintiff has pleaded more detail than necessary.

which patent(s) or claim(s) and therefore d[id] not give fair notice ... of the basis for the counterclaims"); *Memory Control Enterprise, LLC v. Edmunds.com, Inc.*, No. CV 11-7658, 2012 WL 681765, at *3 (C.D.Cal. Feb. 8, 2012) (holding that conclusory allegation of patent invalidity is insufficient, and noting that there are at least seven reasons why a patent might be invalid) (citing 35 U.S.C. § 102(a)-(g)).

In addition, many of the "courts that have declined to apply the rigors of *Twombly* and *Iqbal* to invalidity counterclaims have reasoned that doing so would ... render the courts' local patent rules on the pleading standard for invalidity counterclaims superfluous ... ." *Senju Pharm. Co., Ltd. v. Apotex, Inc.*, ___ F.Supp.2d ___, 2013 WL 444928, at *3 (D.Del. Feb. 6, 2013). The Western District of New York, however, has no such local rules. *See id.* at *4 (finding "the above reasoning unpersuasive" in part because "the District of Delaware has not adopted any local patent rules regarding the pleading standard for invalidity counterclaims ...").

Applying these principles to the case at bar, I conclude that to the extent that defendants' counterclaim seeks a declaration that defendants have not directly infringed the '207 patent, it is sufficient. To the extent, however, that defendants seek a declaration that they have not indirectly infringed the '207 patent, or that the '207 patent is invalid, those counterclaims are facially insufficient, as they fail to meet the pleading standards of *Twombly* and *Iqbal*. The Court will therefore dismiss those counterclaims, but grant defendants leave to amend, to allow them to restate their counterclaims in accordance with the pleading standards of the Federal Rules, as interpreted by *Twombly* and *Iqbal*.

## CONCLUSION

Plaintiff's motion to dismiss defendants' counterclaims (Dkt. #44) is granted in part and denied in part. The motion to dismiss defendants' counterclaims of indirect nonfringement, and of patent invalidity, are dismissed without prejudice. In all other respects, the motion is denied.

Defendants are granted leave to file an amended answer and counterclaims in conformity with this Decision and Order and with the pleading standards of the Federal Rules of Civil Procedure, as interpreted by the United States Supreme Court in the *Twombly* and *Iqbal* cases, within twenty (20) days after the date of issuance of this Decision and Order.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
March 25, 2013.